```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| FRANK BUSH, | No. 18-cv-12910 (NLH) (AMD) |
| Plaintiff, | |
| v. | OPINION |
| JANE DOE (I), et al., | |
| Defendants. | |

APPEARANCE:

Frank Bush
453925D
Northern State Prison
168 Frontage Rd
P.O. Box 2300
Newark, NJ 07114

    Plaintiff Pro se

HILLMAN, District Judge

    Plaintiff Frank Bush, a state prisoner presently incarcerated in Northern State Prison, New Jersey, filed an amended complaint under 42 U.S.C. § 1983.  See ECF No. 4.

    At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court will dismiss the

amended complaint without prejudice.  Plaintiff may move for leave to file a second amended complaint.

I.   BACKGROUND

Plaintiff's original complaint was filed on August 16, 2018.  ECF No. 1.  The Court administratively terminated the complaint as Plaintiff had not paid the filing fee or submitted a complete in forma pauperis application.  ECF No. 3.  Plaintiff filed his amended complaint on February 11, 2019.[1]  ECF No. 4.  The Court reopened the matter and granted Plaintiff's in forma pauperis application.  ECF No. 8.

Plaintiff alleges he was denied medical care in violation of the Eighth Amendment while he was incarcerated in Bayside State Prison and Northern State Prison.  ECF No. 4 ¶¶ 1, 6.  He states medical providers Jane Does 1-3 and John Doe 1 "are legally responsible, in whole or part, for ensuring medical provisions at these institutions, as well as for the care and

---

[1] "[A]n amended pleading — like the amended complaint here — supersedes the earlier pleading and renders the original pleading a nullity."  Palakovic v. Wetzel, 854 F.3d 209, 220 (3d Cir. 2017) (citing W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank, 712 F.3d 165, 171 (3d Cir. 2013); 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed. 2010)).  "[T]he original pleading, once superseded, cannot be utilized to cure defects in the amended pleading, unless the relevant portion is specifically incorporated in the new pleading."  Wright & Miller § 1476.  Because Plaintiff stated the amended complaint was filed in order to address deficiencies in the original complaint and did not specifically incorporate the original complaint, ECF No. 4 at 1, the original complaint is null and void.

treatment of prisoners residing at these institutions." Id. ¶¶ 7-11.

He alleges that Jane Doe 1 examined him "and informed him that he had contracted Hepatitis C . . . and his Hep C levels were so high that he needed immediate treatment." Id. ¶ 14. She told Plaintiff "he was lucky to get treatment, because his Hep C levels were so high most inmates in his situation don't get treatment because the cost was $80,000.00 to $100,000.00." Id. ¶ 15.  About a month later, Plaintiff went to South Woods State Prison in Bridgeton, New Jersey "for an ultra sound to see if his Hep C virus had given him liver cancer." Id. ¶ 16. Plaintiff had blood work done upon his return to Bayside. Id. ¶ 17.

Plaintiff was transferred to Northern State Prison in October 2017. Id. ¶ 18.  John Doe informed Plaintiff that he did not have cancer and his liver "looked to be in good condition." Id.  Plaintiff asked John Doe for Hepatitis C treatment, but "defendant John Doe told plaintiff that his Hep C was not bad enough for treatment and in any event the cost was too high." Id. ¶ 19.

II.  STANDARD OF REVIEW

Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding in forma pauperis.  The Court must sua sponte dismiss any claim

3

that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding in forma pauperis.

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

III. DISCUSSION

Plaintiff alleges Defendants were deliberately indifferent to his medical needs because they denied him treatment for Hepatitis C.  To state an Eighth Amendment Claim, a plaintiff must allege facts indicating that defendants were deliberately indifferent to his or her serious medical need. Estelle v.

4

Gamble, 429 U.S. 97, 104 (1976).  To accomplish this, "a plaintiff must make (1) a subjective showing that 'the defendants were deliberately indifferent to [his or her] medical needs' and (2) an objective showing that 'those needs were serious.'"  Pearson v. Prison Health Serv., 850 F.3d 526, 534 (3d Cir. 2017) (quoting Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (second alteration in original)).  Hepatitis C qualifies as a serious medical condition.  Moore v. Luffey, 767 F. App'x. 335, 340 (3d Cir. 2019).

The Third Circuit has found deliberate indifference "'where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment.'"  Parkell v. Danberg, 833 F.3d 313, 337 (3d Cir. 2016) (quoting Rouse, 182 F.3d at 197).  Plaintiff has not sufficiently alleged deliberate indifference to his Hepatitis C.

The amended complaint indicates that his condition is being monitored by prison officials.  He has received blood tests and liver screenings, which indicated that his liver was in good condition.  ECF No. 4 ¶ 18.  Plaintiff's conclusory allegations that he is being denied care are not entitled to the presumption of truth.  Id. ¶¶ 26-34; see also Connelly v. Lane Const. Corp., 809 F.3d 780, 790 (3d Cir. 2016) (citing Peñalbert-Rosa v.

5

Fortuño-Burset, 631 F.3d 592, 595 (1st Cir. 2011)).[2] Although he alleges he is being denied care entirely, the facts in the amended complaint indicate that Plaintiff is actually disagreeing with the kind of treatment being provided. See ECF No. 4 at 16 ("The NJDOC has a protocol for monitoring patients with Hepatitis C. You are currently being monitored according to that protocol and your name is on the treatment waiting list. When there is a treatment spot available, you will be notified."). There is not enough information in the amended complaint to plausibly suggest that Plaintiff's treatment is being directed by non-medical concerns.

As Plaintiff may be able to allege facts that would state a deliberate indifference claim, he may move for leave to file a second amended complaint.

IV. CONCLUSION

For the reasons stated above, the amended complaint is dismissed without prejudice. 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff may move to file a second amended complaint within 45 days. An appropriate order follows.

Dated: _September 9, 2020        ___s/ Noel L. Hillman____
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.

---

[2] The Court declines to assert supplemental jurisdiction over any state tort claims as it is dismissing the federal claims. 28 U.S.C. § 1367(c)(3). Plaintiff may replead the tort claims in the event he elects to file a second amended complaint.